OPINION *Page 2 
{¶ 1} Appellant Stephen A. Auld appeals the decision of the Delaware Municipal Court, Delaware County, which denied his motion to suppress evidence and subsequently found him guilty on one count of operating a motor vehicle while under the influence of alcohol in violation of R.C.4511.19(A) (1) (a). Appellee is the State of Ohio.
 {¶ 2} In the case sub judice, the record transmitted on appeal included a videotape of the hearing on appellant's motion to suppress. No complete written transcript of the motion hearing was provided. App. R. 9 provides for the record on appeal, and states in pertinent part:
 {¶ 3} "(A) Composition of the record on appeal the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 4} Accordingly, if the transcript of proceedings is in the videotape medium, the appellant must type or print those portions of the transcript necessary for the *Page 3 
appellate court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcript to his or her brief.
 {¶ 5} Appellant appended copies of nine (9) pages of testimony from an unidentified officer from the motion to suppress hearing held September 1, 2006. Appellant did not certify the accuracy of the portions of the transcript as required by App. R. 9(A). No transcript concerning the stop of appellant, statements made by appellant to the officer, if any, other observations made by the officer concerning his assessment of appellant's impairment or other field sobriety testing were provided by either party.
 {¶ 6} App. R. 9 further provides: "[u]nless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App. R. 9(C) or 9(D) will be submitted, and a statement of the assignments of error the appellant intends to present on the appeal. If the appellee considers a transcript of other parts of the proceedings necessary, the appellee, within ten days after the service of the statement of the appellant, shall file and serve on the appellant a designation of additional parts to be included. The clerk of the trial court shall forward a copy of this designation to the clerk of the court of appeals.
 {¶ 7} "If the appellant refuses or fails, within ten days after service on the appellant of appellee's designation, to order the additional parts, the appellee, within five *Page 4 
days thereafter, shall either order the parts in writing from the reporter or apply to the court of appeals for an order requiring the appellant to do so".
 {¶ 8} In this case, the State did not request appellant submit additional parts of the transcript.
 {¶ 9} Accordingly, absent a complete transcript we are unable to review the facts underlying appellant's stop and arrest in context. Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case.Akro-Plastics v. Drake Industries (1996), 115 Ohio App.3d 221, 226,685 N.E.2d 246, 249. In Knapp v. Edwards Laboratories (1980),61 Ohio St2d 197, 199, the Supreme Court of Ohio held the following: "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162. This principle is recognized in App.R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. * * *' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Footnote omitted.)
 {¶ 10} The following facts are established by the record transmitted to this court. *Page 5 
 {¶ 11} On June 17, 2006 appellant was charged with one count of a per se violation of R.C. 4511.19(A) (1) (D) [Operating a Vehicle While under the Influence of Alcohol or Drugs, a.k.a. OVI]; one count of OVI in violation of R.C. 4511.19(A) (1) (a), and one count of Rules for Driving in Marked Lanes in violation of R.C. 4511.33.
 {¶ 12} On July 18, 2006 appellant filed a Motion to Suppress alleging that there was no probable cause to arrest appellant for OVI based upon, in relevant part to this appeal, the Trooper's failure to administer the so-called field sobriety tests in substantial compliance with The National Highway Traffic and Safety Administration ["NHTSA'] standards. The motion was heard by the trial court on September 1, 2006. The trial court overruled the motion by Judgment Entry filed December 1, 2006.
 {¶ 13} On November 16, 2006 appellant entered a plea of no contest to one count of OVI in violation R.C. 4511.19(A) (1) (A) [Operating a Vehicle While under the Influence of Alcohol or Drugs]. The State dismissed the remaining charges.
 {¶ 14} Appellant timely appealed raising the following Assignment of Error:
 {¶ 15} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT ADMITTED INTO EVIDENCE THE ADMINISTRATION OF, THE RESULTS OF, AND THE STATE'S INTERPRETATION [SIC] OF THE HORIZONTAL GAZE NYSTAGUMUS TEST WHICH DID NOT STRICTLY COMPLY WITH THE REQUIREMENTS AND MANDATES OF THE NATIONAL TRAFFIC HIGHWAY AND SAFETY ADMINISTRATION."
 I. {¶ 16} In his sole assignment of error appellant argues that the trial court improperly admitted the results of the horizontal gaze nystagmus test ["HGN"] as *Page 6 
evidence of probable cause to arrest for driving under the influence because the test was not done in strict compliance with the protocol for the administration of the test. Appellant relies on this Court's decisions in State v. Robinson, 160 Ohio App.3d 802, 2005-Ohio-2280,828 N.E.2d 1050 and State v. Hall, 163 Ohio App.3d 90, 2005-Ohio-4271,836 N.E.2d 614 which held that HGN test results were not admissible absent strict compliance with the testing procedures.
 {¶ 17} R.C. 4511.19 to provide, in pertinent part:
 {¶ 18} "In any criminal prosecution * * * for a violation of division (A) or (B) of this section, * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:
 {¶ 19} "(i) The officer may testify concerning the results of the field sobriety test so administered.
 {¶ 20} "(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding.
 {¶ 21} "(iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the *Page 7 
Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate."
 {¶ 22} In Robinson and Hall, supra, this Court applied the R.C.4511.19 substantial compliance rule to nonscientific field sobriety tests such as the walk-and-turn and the one-leg stand test. However this Court concluded that the HGN test is one of a scientific nature and not within the common understanding of a layperson. Therefore pursuant to Evid. R. 702 this Court concluded that HGN test results were not admissible absent strict compliance with the testing procedures.
 {¶ 23} The holdings in both Robinson and Hall have been rejected by the Ohio Supreme Court in State v. Boczar, 113 Ohio St.3d 148,2007-Ohio-1251 at ¶ 25. In Boczar, the Court held " . . . HGN test results are admissible in Ohio without expert testimony so long as the proper foundation has been shown both as to the administering officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test." Id. at ¶ 27. In accordance with R.C. 4511.19(D) (4) (b) HGN test results are admissible when the test is administered in substantial compliance with testing standards. Boczar, supra at ¶ 28.
 {¶ 24} As a result, the state in this case was required only to show that the Trooper performed the HGN test in substantial compliance with the applicable standards described in R.C. 4511.19(D)(4)(b).
 {¶ 25} While field sobriety tests must be administered in substantial compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable *Page 8 
cause to arrest even where no field sobriety tests were administered.State v. Homan (2000), 89 Ohio St.3d 421, 732 N.E.2d 952. Further, the Ohio Supreme Court has made clear that the officer may testify regarding observations made during a defendant's performance of standardized field sobriety tests even absent proof of "strict compliance." State v.Schmitt (2004), 101 Ohio St.3d 79, 84, 2004-Ohio-37 at ¶ 15,801 N.E.2d 446, 450.
 {¶ 26} In the case at bar, the trial court found the Trooper had probable cause to arrest appellant for OVI based upon "Odor, admitted consumption, FST and observation of the officer." (Judgment Entry, filed December 1, 2006). As we do not have the complete transcript of the suppression hearing we must presume the validity of the lower court's findings. Accordingly, the totality of the evidence, even excluding the HGN test, gave rise to probable cause to arrest for OVI. Homan at 427,732 N.E.2d 952. As such, we find it was not error for the trial court to determine there was probable cause to support appellant's arrest for OVI.
 {¶ 27} Assuming arguendo the HGN test should not have been admitted to support the Trooper's finding of probable cause to arrest, we find, in this case, that the admission of the HGN test at appellant's suppression hearing was harmless beyond a reasonable doubt.
 {¶ 28} Pursuant to Crim. R. 52(A), any error will be deemed harmless if it did not affect an accused's substantial rights. Thus, under a Crim. R. 52(A) analysis, the conviction will be reversed unless the State can demonstrate the defendant has suffered no prejudice as a result of the error. State v. Perry, 101 Ohio St.3d 118, 121,2004-Ohio-297, 802 N.E.2d 643 (citing United States v. Olano (1993),507 U.S. 725, *Page 9 
741, 113 S.Ct. 1770, 123 L.Ed 508 and State v. Gross, 97 Ohio St.3d 121,2002-Ohio-5524, 776 N.E.2d 1061). "When a claim of harmless error is raised, the appellate court must read the record and decide the probable impact of the error on the minds of the average juror." State v.Young (1983), 5 Ohio St.3d 221, 226, 450 N.E.2d 1143 (citingHarrington v. California (1969), 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284). An appellate court must reverse if the government does not meet its burden. Perry, 101 Ohio St.3d at ¶ 15.
 {¶ 29} As previously stated, the trial court found the Trooper had probable cause to arrest for OVI based upon the Trooper's observations, the appellant's erratic driving resulting in an accident, the odor of alcohol and appellant's admitted consumption. (Judgment Entry, filed December 1, 2006).
 {¶ 30} Appellant's sole assignment of error is overruled.
 {¶ 31} The decision of the Delaware County Municipal Court is affirmed.
By: Gwin, P.J., Hoffman, J., and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Delaware County Municipal Court is affirmed. Costs to appellant. *Page 1