{¶ 84} S ince I cannot concur in the majority conclusion that theBruton error in this case is harmless beyond a reasonable doubt, I must respectfully dissent.
 {¶ 85} As the majority points out, the United States Supreme Court inBruton v. United States (1968), 391 U.S. 123, held that an out-of-court statement of a co-defendant cannot be admitted into evidence against the other co-defendant because the non-testifying co-defendant is unable to attack the statement by cross-examination (unless the testifying co-defendant waives his right against self-incrimination), and, thus, admission of the out-of-court statement of the co-defendant violated the other co-defendant's rights under the Confrontation Clause of theSixth Amendment to the United States Constitution. As also pointed out in the majority opinion, the Ohio Supreme Court, in State v. Moritz (1980),63 Ohio St.2d 150, paragraph one of the syllabus, followed Bruton and recognized that an accused's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment is violated in a joint trial with a non-testifying co-defendant by the admission of the extrajudicial statements made by the co-defendant *Page 36 
incriminating the accused. As the majority opinion also points out, inCrawford v. Washington (2004), 541 U.S. 36, 59, 68-69, the United States Supreme Court held that a defendant's federal confrontational constitutional rights are violated by the admission of "testimonial" statements of witnesses absent from trial unless the witness is unavailable to testify and when the defendant had a prior opportunity to cross-examine the witness. The majority opinion also finds that "the trial court's admission at trial of Ingram's testimonial statement violated Crawford and the Sixth Amendment right to confrontation because appellant had no prior opportunity to cross-examine Ingram about the statement." However, the majority opinion also points out thatSixth Amendment violations under Crawford are subject to harmless error review, citing State v. Lee, 162 Ohio App.3d 648, 2005-Ohio-3395, at ¶ 11. The majority opinion then concludes that the error of the trial court in admitting into evidence the pre-trial statement made to Detective Dorn by appellant's co-defendant Ingram was harmless error beyond a reasonable doubt. The Ohio Supreme Court, in State v.Storch, 66 Ohio St.3d 280, 293, 1993-Ohio-38, held, as pointed out in the majority opinion, that the right to confrontation contained in Section 10, Article I, Ohio Constitution, requires live testimony wherever reasonably possible.
 {¶ 86} Although admission into evidence of a co-defendant's statement incriminating another co-defendant contrary to Bruton andCrawford may not require reversal where the error is harmless beyond a reasonable doubt, the question remains what is required to render evidence harmless beyond a reasonable doubt. Obviously, the mere fact that the evidence may be harmless under ordinary standards does not make it harmless beyond a reasonable doubt. It would seem that the harmless beyond *Page 37 
a reasonable doubt standard requires at the very least that the prosecution's evidence without the testimony of the co-defendant must be so strong that no reasonable juror or jury could reasonably find defendant to be not guilty-in other words, the totality of the evidence without considering the evidence admitted contrary to Bruton that a reasonable juror or jury could reach no other verdict except a guilty verdict upon the prosecution's evidence. This is not such a case.
 {¶ 87} The Ohio Supreme Court has established a similar test for determining whether erroneous admission of evidence in a criminal case is harmless, namely whether, in the absence of the erroneously admitted evidence, there is a reasonable possibility that the result might have been different. See State v. Bayless (1976), 48 Ohio St.2d 73, 108;State v. Conway, 108 Ohio St.3d 214, 2006-Ohio-791; State v. Perry,101 Ohio St.3d 118, 121, 2004-Ohio-297; State v. Auld, Delaware App. No. 2006-CAC-120091, 2007-Ohio-3508.
 {¶ 88} Rather, there are several factors of the evidence which give rise to some degree of doubt of appellant's guilt. The photo arrays shown to the victim, Anwar, for identification purposes by the police, contained a photograph of appellant in which he did not have an afro nor a big beard. Also, the police officer testified that Anwar told them that the person who shot him had big hair (an afro). There was also evidence that, although appellant had had an afro some time previously, he did not have an afro at the time the crime was committed and did not have a full beard. There was also some evidence of a previous altercation between appellant and a clerk at the store in which the robbery and shooting occurred. Also, there was alibi evidence presented by appellant, through his girlfriend (and mother of his child), who testified that he was with *Page 38 
her at the time of the robbery and shooting. In the out-of-court statement made by appellant's co-defendant, it was stated by the co-defendant that appellant was with him and not with his girlfriend, thus negating appellant's alibi.
 {¶ 89} It is a jury that must determine the facts, based upon the evidence properly admitted. From the evidence properly admitted, a reasonable juror or jury could have found that reasonable doubt as to defendant's guilt existed. Therefore, admission of theBrafon-tainted out-of-court statement of the co-defendant could not be harmless error beyond a reasonable doubt. For that reason, I must respectfully dissent.
 {¶ 90} Accordingly, I would sustain appellant's first assignment of error and find the remaining three assignments of error to be moot, and would reverse the judgment of the Franklin County Court of Common Pleas and remand this cause to that court for a new trial. *Page 1