OPINION
{¶ 1} Defendant-appellant, Ronald Jones ("appellant"), appeals from the judgment of conviction of the Franklin County Court of Common Pleas, entered after a jury trial in which appellant was found guilty of one count of burglary, one count of receiving stolen property, and one count of theft.
 {¶ 2} The facts underlying the charges in this case as adduced at trial are as follows. On August 25, 2006, Jill Dyckman lived at 177 East 11th Avenue in Columbus, Ohio. At approximately 8:00 p.m. on this date, Ms. Dyckman was preparing to go out-of- *Page 2 
town, and she left her purple 1994 Honda Civic running in front of her apartment while she went inside to retrieve some belongings. After being in the apartment for "about five minutes," Ms. Dyckman went outside and found that her car was gone. (Tr. at 29.) Upon the discovery, Ms. Dyckman immediately called the police.
 {¶ 3} Columbus Police Officer Austin Przymierski responded to Ms. Dyckman's residence, and aired a description and the license number of the automobile sometime between 8:15 and 8:22 p.m. Officer Przymierski then left Ms. Dyckman's residence and went to a nearby parking lot to finish his report. While entering the information, Officer Przymierski learned from a broadcast that Columbus Police Officer Nathan Komisarek had stopped the purple Honda, and was requesting assistance to secure the driver. Officer Przymierski responded to that location.
 {¶ 4} Officer Komisarek received the report of the stolen Honda "around 8:45, 8:50" p.m. Id. at 70. Officer Komisarek first observed the Honda at the intersection of East 8th Avenue and North 4th Street. After Officer Komisarek verified the license plate number, he turned on his cruiser's beacons, and the driver continued for about four or five blocks. Officer Komisarek described that he lit up his cruiser's beacons at "East Eighth and North Fourth and they continued on till North Fourth, East Ninth, where he went eastbound on East Ninth, past North Fifth Street, and at that time went southbound in the alleyway between North Fifth and North Sixth, just south of East Ninth." Id. at 74. While the car was still slowly moving, however, Officer Komisarek saw the driver's side door cracked open. Fearing the driver was going to run, Officer Komisarek pulled up side-by-side with the Honda so that the door was not able to be fully opened. Thereafter, Officer Komisarek drew his weapon and instructed the driver to put the vehicle in park and show *Page 3 
his hands. After several orders, the driver eventually complied. Officer Przymierski then arrived and assisted in the arrest of the driver. The driver, who was the only occupant of the car, was wearing a white t-shirt and was identified as appellant.
 {¶ 5} Ms. Dyckman went to the scene where appellant was arrested in order to retrieve her car. When she arrived, Ms. Dyckman first noticed damage to her car's driver's side front bumper that had not been there prior to it being taken. Inside the Honda was property that did not belong to Ms. Dyckman, including a television, a videogame player, a stereo, CD's and DVD's.
 {¶ 6} On the evening of August 25, 2006, Denise Luckey was cleaning the apartment into which she was preparing to move. Ms. Luckey returned to her current apartment at 88 East 11th Avenue at approximately 9:00 p.m. Upon her return, Ms. Luckey noticed her white Pontiac Sunfire had been hit while it had been parked there during her absence. Ms. Luckey described streaks of purple paint and damaged reflectors on the back passenger's side of her car. Ms. Luckey also discovered that her apartment had been burglarized, and that a cement block had been thrown through her roommate's bedroom window. Missing from her apartment was a 32 inch television, a CD player, and several videogame players. Ms. Luckey identified the property found in the Honda as being the items missing from her apartment.
 {¶ 7} Columbus Police Detective Gary Scott responded to the burglary at Ms. Luckey's apartment. Detective Scott determined entry to the apartment was made through a bedroom window that had been broken. Ms. Luckey's apartment was in disarray, which appeared in part due to the occupant's living conditions and in part to the burglary. Detective Scott noticed debris on the ground from Ms. Luckey's car being *Page 4 
struck. Detective Scott described for the jury the video taken from the security camera located in the parking garage across the street from Ms. Luckey's apartment. Though the quality of the video did not permit for facial identification, the video did depict a man in a white t-shirt making several trips out of 88 East 11th Avenue with items that he was loading into a dark colored car. According to the video, this took place between 8:35 and 8:48 p.m., at which time the car pulled away.
 {¶ 8} On August 31, 2006, appellant was indicted for one count of burglary in violation of R.C. 2911.12, a felony of the second degree; one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree, and one count of theft in violation of R.C. 2913.02, a felony of the fifth degree. A jury trial began on June 25, 2007. The jury returned a verdict of guilty on all three counts as indicted. A pre-sentence investigation ("PSI") was ordered, and the matter proceeded to sentencing. On August 21, 2007, the trial court imposed the following sentence: seven years on the burglary conviction; 18 months on the receiving stolen property conviction; and 12 months on the theft conviction; all sentences to be served concurrently. Appellant was awarded 362 days of jail-time credit.
 {¶ 9} This appeal followed, and appellant brings the following three assignments of error for our review:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ALLOWING, OVER OBJECTION, THE INVESTIGATING DETECTIVE TO GIVE AN OPINION AS TO THE FACT THAT THE APPELLANT WHO WAS STOPPED IN THE PURPLE HONDA WAS THE SAME PERSON WHO COMMITTED BURGLARY.
 II. THE TRIAL COURT VIOLATED RONALD JONES' RIGHTS TO DUE PROCESS AND A FAIR TRIAL *Page 5 
WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, THE TRIAL COURT OVERRULED THE DEFENDANT'S RULE 29 MOTION AS THERE WAS NOT SUFFICIENT EVIDENCE TO SUPPORT HIS CONVICTION.
 III. THE TRIAL COURT VIOLATED RONALD JONES' RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR ONE COURT OF BURGLARY, ONE COURT OF RSP, AND ONE COUNT OF THEFT WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 10} In his first assignment of error, appellant contends the trial court erred in allowing, over objection, the investigating detective to render an opinion, which was prohibited by the Ohio Rules of Evidence. During the direct examination of Detective Scott, the following occurred:
 [Appellee]: Okay. Officer, now, describing as you pieced together this case, were you able to put together a theory about what occurred this evening as a detective, everything that you came to know in this case, can you explain to the ladies and gentlemen of the jury what you believe happened?
 [Det. Scott]: Well, based on the time line, the car was stolen from here, this location. It drives to this location. You can see —
 [Appellant's Counsel]: Your Honor, can we approach?
 [The Court]: Sure.
 [The following took place outside the presence of the jury.]
 [Appellant's Counsel]: I'm going to object. I don't — I think this detective can give a summary of what happened that evening, but I don't think he can link the theft to — the theft of the car to *Page 6 
the burglary. I don't think he can offer an opinion about what he thought happened.
 [The Court]: Why? Why don't you think he can give his opinion?
 [Appellant's Counsel]: I think he's ready to render an opinion that the car was stolen from that address and taken to this address.
 [The Court]: Right. Why do you think he can't do that?
 [Appellant's Counsel]: He cannot do that because there's no evidence that he has firsthand information of where that car went after it was stolen. And even on the video, you can't ascertain that's the same car.
 [The State]: I think — I mean, as a detective, he already testified he was experienced, has over ten years as a burglary detective, what he does to investigate a burglary, that each piece of evidence he puts together he's able to form an opinion, and I think under Rule 704 he can give an opinion just because it's — because it embraces the issue at hand. He's not an expert witness, it's his opinion as a detective.
 [The Court]: That's just the way it is like everything else. I'm going to allow it in.
(Tr. at 104-106.) Thereafter, Detective Scott explained he believed the same person who took Ms. Dyckman's car, was the same person who committed the burglary at Ms. Luckey's.
 {¶ 11} It was conceded at trial that Detective Scott was not testifying as an expert; therefore, our analysis falls under Evid. R. 701, which limits lay opinion testimony to "opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." *Page 7 
 {¶ 12} In a similar scenario, the Supreme Court of Ohio held that a police officer's testimony that included the officer's opinion regarding the involvement of a suspect was not admissible because the opinion "was not based wholly on his perceptions, but at least partly on information from * * * others." State v. Webb (1994), 70 Ohio St.3d 325, 333. As inWebb, the detective's opinion here was based partly upon the work of other investigators. Indeed, appellee concedes it was improper for the trial court to permit the opinion testimony. (Appellee's brief at 3.) Though conceding the trial court erred, appellee contends any error from the admission of the opinion testimony was harmless beyond a reasonable doubt.
 {¶ 13} Error in the admission or exclusion of evidence in a criminal trial must be considered prejudicial unless the court can declare, beyond a reasonable doubt, that the error was harmless, and unless there is no reasonable possibility that the evidence, or the exclusion of evidence, may have contributed to the accused's conviction. State v.Bayless (1976), 48 Ohio St.2d 73, 106, vacated in part on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3135. "Whether [the] error was harmless beyond a reasonable doubt is not simply an inquiry into the sufficiency of the remaining evidence. Instead, the question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." State v. Conway, 108 Ohio St.3d 214,2006-Ohio-791, at ¶ 78. "`When a claim of harmless error is raised, the appellate court must read the record and decide the probable impact of the error on the minds of the average juror.'" State v. Auld, Delaware App. No. 2006-CAC-120091, 2007-Ohio-3508, at ¶ 28, quoting State v.Young (1983), 5 Ohio St.3d 221, 226 (further citations omitted). "An appellate court must reverse *Page 8 
if the government does not meet its burden." Auld, citing State v.Perry, 101 Ohio St.3d 118, 121, 2004-Ohio-297 (further citations omitted).
 {¶ 14} In determining harmless error, a reviewing court must examine an array of factors, including the importance of the witness's testimony in the prosecution's case, the cumulative nature of the testimony, the presence or absence of corroborating or contradictory evidence, the scope of cross-examination otherwise permitted, and the overall strength of the prosecution's case. State v. Lukens (1990), 66 Ohio App.3d 794,805-806, citing Delaware v. VanArsdall (1986), 475 U.S. 673, 684,106 S.Ct. 1431.
 {¶ 15} Appellant was convicted of burglary in violation of R.C. 2911.12, which provides, in relevant part:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 * * *
 (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]
 {¶ 16} Appellant was convicted of receiving stolen property in violation of R.C. 2913.51, which provides in relevant part:
 (A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
 {¶ 17} Appellant was also convicted of theft in violation of R.C. 2913.02, which provides in relevant part: *Page 9 
 (A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
 (3) By deception;
 (4) By threat;
 (5) By intimidation.
 (B)(1) Whoever violates this section is guilty of theft.
 (2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in section 2913.71
of the Revised Code, a violation of this section is theft, a felony of the fifth degree.
 {¶ 18} Upon review of the record, we find the error in this case was harmless beyond a reasonable doubt. While this case turns on circumstantial evidence, the Supreme Court of Ohio has held that "[a] conviction can be sustained based on circumstantial evidence alone."State v. Franklin (1991), 62 Ohio St.3d 118, 124, citing State v.Nicely (1988), 39 Ohio St.3d 147, 154-155. In fact, circumstantial evidence may "`be more certain, satisfying and persuasive than direct evidence.'" State v. Ballew (1996), 76 Ohio St.3d 244, 249, quotingState v. Lott (1990), 51 Ohio St.3d 160, 167, quoting Michalic v.Cleveland Tankers, Inc. (1960), 364 U.S. 325, 330, 81 S.Ct. 6, 11. *Page 10 
 {¶ 19} The record reflects Ms. Dyckman's purple Honda was stolen around 8:00 p.m. on August 25, 2006. The description of the car was aired between 8:15 and 8:22 p.m. A security camera across the street from Ms. Luckey's apartment showed a man in a white t-shirt taking items from Ms. Luckey's apartment and putting them into a dark colored car between 8:35 and 8:48 p.m. Appellant, driving Ms. Dyckman's car loaded with items taken from Ms. Luckey's apartment, was stopped just before 9:00 p.m. Appellant was wearing a white t-shirt, and was the sole occupant of the car at the time it was stopped. The property belonging to Ms. Luckey was located mainly in the backseat of the vehicle, but was also in the front passenger seat. Further, Ms. Luckey's white car had been damaged and had purple paint streaks on it, and Ms. Dyckman's purple car had damage to it as well.
 {¶ 20} Even if we disregard Detective Scott's opinion testimony, the jury could properly conclude appellant was the perpetrator of the crimes for which he was convicted as the record contains other evidence that overwhelmingly supports the jury's finding of guilt. Therefore, even with the admission of Detective Scott's opinion testimony, we find that, beyond a reasonable doubt, the error was harmless and that there is no reasonable probability that the admission of evidence may have contributed to appellant's convictions. Accordingly, we overrule appellant's first assignment of error.
 {¶ 21} In his second assignment of error, appellant challenges the sufficiency of the evidence and argues the trial court erred in denying his Crim. R. 29 motion.
 {¶ 22} "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a *Page 11 
reasonable doubt." State v. Seiber (1990), 56 Ohio St.3d 4, 13, quoting State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. See, also, State v. Antill (1964), 176 Ohio St. 61; State v. Brown (1988),38 Ohio St.3d 305, paragraph four of the syllabus. In ruling on a Crim. R. 29 motion, a trial court must construe the evidence in a light most favorable to the state. State v. Busby (Sept. 14, 1999), Franklin App. No. 98AP-1050. The standard of review applied to a denied motion for acquittal, pursuant to Crim. R. 29, is virtually identical to that employed in a challenge to the sufficiency of the evidence.State v. Turner, Franklin App. No. 04AP-364, 2004-Ohio-6609, at ¶ 8, appeal not allowed (2005), 106 Ohio St.3d 1547, 2005-Ohio-5343, citingState v. Ready (2001), 143 Ohio App.3d 748, 759.
 {¶ 23} When reviewing the sufficiency of the evidence, an appellate court must:
 [E]xamine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 24} This test raises a question of law and does not allow the court to weigh the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380,386; State v. Thomas (1982), 70 Ohio St.2d 79-80. Rather, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781. Consequently, when reviewing the sufficiency of the evidence, an appellate court must accept the fact finder's determination *Page 12 
with regard to the credibility of the witnesses. State v.Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v.Worrell, Franklin App. No. 04AP-410, 2005-Ohio-1521, at ¶ 41 ("In determining whether a conviction is based on sufficient evidence, we do not assess whether the evidence is to be believed, but, whether, if believed, the evidence against a defendant would support a conviction").
 {¶ 25} In this case, if believed, the testimony and circumstantial evidence presented supports each element of the offenses for which appellant was found guilty beyond a reasonable doubt. As we have already noted, this case turned on circumstantial evidence. Based on the evidence and the testimony of the witnesses, viewed in the light most favorable to the prosecution, a reasonable trier of fact could have found the essential elements of the crimes of which appellant was convicted proven beyond a reasonable doubt. Therefore, we cannot conclude there is insufficient evidence to sustain appellant's convictions and that the trial court erred in denying appellant's motion for acquittal pursuant to Crim. R. 29. Accordingly, we overrule appellant's second assignment of error.
 {¶ 26} In his third assignment of error, appellant contends his convictions are against the manifest weight of the evidence. As opposed to the concept of sufficiency of the evidence, "[t]he weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 35, citation omitted. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the fact finder's resolution of the conflicting testimony. Thompkins, *Page 13 
supra, at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 27} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v.Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v.Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony. State v.Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v.Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22; State v.Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 17. *Page 14 
 {¶ 28} We, however, cannot say that the jury's verdict was against the manifest weight of the evidence. The basis for appellant's manifest weight challenge is primarily the lack of direct evidence in this case. While appellant asserts the lack of direct evidence in this matter requires a reversal of his convictions, we note that a conviction is "not against the manifest weight of the evidence simply because the [jury] believed the prosecution testimony." State v. Moore, Montgomery App. No. 20005, 2004-Ohio-3398, quoting State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757. We have reviewed the entire record and weighed the evidence and all reasonable inferences to be drawn therefrom, and have considered the credibility of the witnesses. After review of the record, we conclude that there is nothing to indicate that the jury clearly lost its way or that appellant's convictions created a manifest miscarriage of justice. Consequently, we cannot say that appellant's convictions are against the manifest weight of the evidence. Accordingly, we overrule appellant's third assignment of error.
 {¶ 29} For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BROWN, J., concurs. TYACK, J., concurs separately.