OPINION *Page 2 
{¶ 1} This is an appeal from appellant Bryan Judy's conviction and sentence on one count of Operating a Vehicle While Impaired [OVI], a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a), one count of Left of Center in violation of R.C. 4511.25 and one count of Failure to Control in violation of R.C. 4511.202. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In the case sub judice, the record transmitted on appeal included a CD-ROM of the appellant's motion to suppress hearing held August 29, 2007 and a CD-ROM of appellant's jury trial held December 4, 2007. No complete written transcript of the motion hearing or jury trial has been provided. No transcript concerning the stop of appellant, field sobriety testing, if any, or the videotape of the stop, or lack thereof, were provided by either party.
 {¶ 3} App. R. 9 provides for the record on appeal, and states in pertinent part:
 {¶ 4} "(A) Composition of the record on appeal the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of *Page 3 
proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 5} Accordingly, if the transcript of proceedings is in the electronic medium, the appellant must type or print those portions of the transcript necessary for the appellate court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcript to his or her brief.
 {¶ 6} In the case at bar, appellant appended copies of three (3) pages of the testimony of Deputy Fletcher during the motion to suppress hearing held August 29, 2007 and one and one-half (1 1/2) pages from the trial court's sentencing hearing after appellant's jury trial on December 4, 2007. Appellant did certify the accuracy of the portions of the transcript as required by App. R. 9(A). No transcript concerning the stop of appellant, statements made by appellant to the officer, if any, other observations made by the officer concerning his assessment of appellant's impairment or other field sobriety testing were provided by either party.
 {¶ 7} App. R. 9 further provides: "[u]nless the entire transcript is to be included, the appellant, with the notice of appeal, shall file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record, a statement that no transcript is necessary, or a statement that a statement pursuant to either App. R. 9(C) or 9(D) will be submitted, and a statement of the assignments of error the appellant intends to present on the appeal. If the appellee considers a transcript of other parts of the proceedings necessary, the appellee, within ten days after the service of the statement of the *Page 4 
appellant, shall file and serve on the appellant a designation of additional parts to be included. The clerk of the trial court shall forward a copy of this designation to the clerk of the court of appeals.
 {¶ 8} "If the appellant refuses or fails, within ten days after service on the appellant of appellee's designation, to order the additional parts, the appellee, within five days thereafter, shall either order the parts in writing from the reporter or apply to the court of appeals for an order requiring the appellant to do so."
 {¶ 9} In the case at bar, the record indicates that appellant did not "serve on the appellee a description of the parts of the transcript that the appellant intends to include in the record" as required in App. R. 9. Appellee, therefore, had no opportunity to consider whether a transcript of other parts of the proceedings was necessary. Accordingly, failure to comply with the rule will preclude us from considering those assignments of error that would require a review of the electronic medium. See, State v. Childress (March 23, 1992), Delaware App. No. 91-CA-30; State v. Daniels, Geauga App. No. 2004-G-2507, 2005-Ohio-1101.
 {¶ 10} In addition, the trial court's entry overruling appellant's motion to suppress states, "[t]he court made a number of findings of fact and conclusions of law orally on the record on August 29, 2007. Those findings are incorporated into the additional findings made by this order." Appellant did not provide this Court with a copy of the transcript of the hearing on his motion to suppress containing the trial court's oral findings.
 {¶ 11} Accordingly, absent a complete transcript we are unable to review the facts underlying appellant's stop, the administration of the field sobriety tests and arrest *Page 5 
in context. State v. Auld, Delaware App. No. 2006-CAC-120091,2007-Ohio-3508 at ¶ 9. Factual assertions appearing in a party's brief, but not in any papers submitted for consideration to the trial court below, do not constitute part of the official record on appeal, and an appellate court may not consider these assertions when deciding the merits of the case. Akro-Plastics v. Drake Industries (1996),115 Ohio App.3d 221, 226, 685 N.E.2d 246, 249. In Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio held the following: "[t]he duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St. 2d 162. This principle is recognized in App. R. 9(B), which provides, in part, that `* * *the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.* * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."(Footnote omitted.)
 {¶ 12} The record transmitted to this court establishes the following facts:
 {¶ 13} On June 15, 2007 appellant was charged with one count of OVI in violation of R.C. 4511.19(A)(1)(a), one count of Left of Center in violation of R.C. 4511.25 and one count of Failure to Control in violation of R.C. 4511.202.
 {¶ 14} On July 31, 2007 appellant filed a Motion to Suppress alleging that there was no probable cause to arrest appellant for OVI based upon, in relevant part to this *Page 6 
appeal, the Deputy's failure to administer the so-called field sobriety tests in substantial compliance with The National Highway Traffic and Safety Administration ["NHTSA'] standards. The motion was heard by the trial court on August 29, 2007. The trial court overruled the motion by Judgment Entry filed September 21, 2007. The matter proceed to a jury trial wherein the jury found appellant guilty of one count of OVI in violation of R.C. 4511.19(A) (1) (a). The trial court found appellant guilty of the accompanying minor misdemeanor charges. Appellant was sentenced to a total fine of $350.00 and court costs, a one-year driver's license suspension, three days in a driver's intervention program and one weekend in jail for a total of six (6) days.
 {¶ 15} Appellant timely appealed raising the following Assignments of Error:
 {¶ 16} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT ADMITTED INTO EVIDENCE THE ADMINISTRATION, THE RESULTS OF, AND THE STATE'S INTERPRETAION [SIC] OF THE FIELD SOBRIETY TESTS WHICH DID NOT SUBSTANTIALLY COMPLY WITH THE REQUIREMENTS AND MANDATES OF THE NATIONAL TRAFFIC HIGHWAY AND SAFETY ADMINISTRATION OR ANY OTHER CREDIBLE, RELIABLE AND GENERALLY ACCEPTED STANDARDS IN EFFECT AT THE TIME.
 {¶ 17} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT SENTENCED DEFENDANT PURSUANT TO FACTS NOT FOUND BY THE JURY NOR ADMITTED BY THE DEFENDANT, WHICH ENHANCED THE MANDATORY TERM OF INCARCERATION.
 {¶ 18} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT SENTENCED DEFENDANT TO AN ENHANCED *Page 7 
PENALTY BASED ON THE DEFENDANT'S EXERCISE OF CONSTITUTIONAL RIGHT."
 I. {¶ 19} In his first assignment of error appellant argues that the trial court improperly admitted the results of the horizontal gaze nystagmus ["HGN"], the one-leg stand, and the walk-and-turn tests as evidence of probable cause to arrest for driving under the influence because the tests were not done in substantial compliance with the protocol for the administration of the tests. We disagree.
 {¶ 20} In the case at bar, appellant was charged with a violation of R.C. 4511.19, which states in pertinent part: "(A) (1) No person shall operate any vehicle, * * *, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 21} R.C. 4511.19 further provides, in pertinent part:
 {¶ 22} "In any criminal prosecution * * * for a violation of division (A) or (B) of this section, * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:
 {¶ 23} "(i) The officer may testify concerning the results of the field sobriety test so administered. *Page 8 
 {¶ 24} "(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding.
 {¶ 25} "(iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate."
 {¶ 26} In State v. Boczar, 113 Ohio St.3d 148, 2007-Ohio-1251 the Court held ". . . HGN test results are admissible in Ohio without expert testimony so long as the proper foundation has been shown both as to the administering officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test." Id. at ¶ 27. In accordance with R.C. 4511.19(D) (4) (b) HGN test results are admissible when the test is administered in substantial compliance with testing standards. Boczar, supra at ¶ 28.
 {¶ 27} While field sobriety tests must be administered in substantial compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests. The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered. State v.Homan (2000), 89 Ohio St. 3d 421, 732 N.E. 2d 952. The case law is in agreement that probable cause to arrest may exist, even without field sobriety tests results, if supported by such factors as: evidence that the defendant caused an automobile accident; a strong odor of alcohol emanating from the defendant; an admission by the defendant *Page 9 
that he or she was recently drinking alcohol; and other indicia of intoxication, such as red eyes, slurred speech, and difficulty walking.Oregon v. Szakovits (1972), 32 Ohio St.2d 271, 291 N.E.2d 742;Fairfield v. Regner (1985), 23 Ohio App.3d 79, 84, 491 N.E.2d 333;State v. Bernard (1985), 20 Ohio App.3d 375, 376, 485 N.E.2d 783;Westlake v. Vilfroy (1983), 11 Ohio App.3d 26, 27, 462 N.E.2d 1241. Further, the Ohio Supreme Court has made clear that the officer may testify regarding observations made during a defendant's performance of standardized field sobriety tests even absent proof of "strict compliance." State v. Schmitt (2004), 101 Ohio St. 3d 79, 84,2004-Ohio-37 at ¶ 15, 801 N.E. 2d 446, 450.
 {¶ 28} In the case at bar, the trial court found the Deputy had probable cause to arrest appellant for OVI "without considering the results of the field sobriety tests."(Judgment Entry, filed September 21, 2007 at 2). As we do not have the complete transcript of the suppression hearing, we must presume the validity of the lower court's findings. State v. Auld, supra at ¶ 26. Accordingly, the totality of the evidence, even excluding the field sobriety tests, gave rise to probable cause to arrest for OVI. Homan at 427, 732 N.E.2d 952. As such, we find it was not error for the trial court to determine there was probable cause to support appellant's arrest for OVI.
 {¶ 29} Assuming arguendo the tests should not have been admitted to support the Deputy's finding of probable cause to arrest, we find, in this case, that the admission of the field sobriety tests at appellant's suppression hearing was harmless beyond a reasonable doubt. UnitedStates v. Olano (1993), 507 U.S. 725, 732-733, 113 S.Ct. 1770,123 L.Ed.2d 508; State v. Ahmed, Stark App. No. 2007-CA-00049,2008-Ohio-389. *Page 10 
 {¶ 30} Appellant's first assignment of error is denied.
 II. III. {¶ 31} In his second and third assignments of error, appellant argues, in essence, that the trial court's imposition of the maximum sentence is unconstitutional pursuant to United States v. Booker
(2005),543 U.S. 220, 125 S.Ct. 738, Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531 and State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856,845 N.E.2d 470. Appellant further contends that he was given more than the minimum sentence for a first time OVI offense because he exercised his right to a jury trial. We will address these assignments of error together as they each concern the trial court's imposition of sentence.
 {¶ 32} In the case at bar, appellant was found guilty by a jury of a first-degree misdemeanor offense. i.e., R.C. 4511.19(A) (1) (a). The applicable sentencing range pursuant to R.C. 2929.24(A) (1) is "not more than one hundred eighty days."
 {¶ 33} As we have noted, the Court in Foster concluded judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus. State v. Goggans, Delaware App. No. 2006-CA-07-0051, 2007-Ohio-1433 at ¶ 21. The same rationale would apply to misdemeanor sentencing under R.C. 2929.24(A) (1).
 {¶ 34} "Although the appellant characterizes the trial judge's statements as `judicial fact-finding' his argument is essentially one of form over substance. The maximum sentence a judge may impose afterFoster is the `statutory maximum.' In this *Page 11 
case, that is [one hundred and eighty days]. Appellant's sentence of [six days] is within the range provided by statute.
 {¶ 35} "The trial court was not required to find any additional fact in order to impose this sentence. The court could have imposed the maximum sentence without making any statement on the record. The fact that the trial judge explained his reasons for imposing the maximum sentence on the record cannot transform a sentence within the rangeprovided by statute into a constitutionally infirm sentence on the grounds that the statements constitute impermissible `judicial fact-finding.'" State v. Goggans, supra at ¶ 23-24.
 {¶ 36} We further note, there is no constitutional right to an appellate review of a criminal sentence. Moffitt v. Ross (1974),417 U.S. 600, 610-11, 94 S.Ct. 2437, 2444; McKane v. Durston (1894),152 U.S. 684, 687, 14 S. Ct. 913. 917; State v. Smith (1997),80 Ohio St. 3d 89, 1997-Ohio-355, 684 N.E.2d 668; State v. Firouzmandi, 5th Dist No. 2006-CA-41, 2006-Ohio-5823. An individual has no substantive right to a particular sentence within the range authorized by statute. Gardner v. Florida (1977), 430 U.S. 349, 358,97 S.Ct. 1197, 1204-1205.
 {¶ 37} This Court reviews the imposition of more-than-minimum, maximum, or consecutive sentences for abuse of discretion. State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 40.
 {¶ 38} There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor. We find nothing in the record of appellant's case to suggest that *Page 12 
his sentence was based on an arbitrary distinction that would violate the Due Process Clause of the Fifth Amendment.
 {¶ 39} In Alabama v. Smith (1989), 490 U.S. 794, 801, 109 S.Ct. 2201,104 L.Ed.2d 865, the court held that in the context of a lenient guilty plea sentence followed by a harsher sentence after trial, there is no presumption of vindictiveness. Id. at 803. See, also, State v.Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542 at ¶ 16-17;State v. Moore, Knox App. No. 07-CA-19, 2007-Ohio-6826 at ¶ 38-40. The burden is on the appellant to show actual vindictiveness. Alabama v.Smith, supra at 799, 109 S.Ct. at 2204-05.
 {¶ 40} Therefore, we agree that no presumption existed in this case and appellant had the burden of proving actual vindictiveness. However, appellant offered no evidence of vindictiveness beyond the fact that the sentence is more than the minimum sentence for a first time OVI offender.
 {¶ 41} Appellant's second and third assignments of error are denied. *Page 13 
 {¶ 42} The sentence of the Delaware County Municipal Court is hereby affirmed.
 Gwin, J., and Wise, J., concur; Hoffman, P.J., concurs separately. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the sentence of the Delaware County Municipal Court is hereby affirmed. Costs to appellant. *Page 14