OPINION *Page 2 
{¶ 1} On December 19, 2007, appellant, Carl Wolfe, was charged with driving under the influence (OVI) in violation of R.C. 4511.19(A)(1)(a) and (d), and driving left of center in violation of R.C. 4511.25. On May 19, 2008, appellant pled no contest to the R.C. 4511.19(A)(1)(a) OVI charge. The remaining charges were dismissed. The prosecutor and appellant stipulated that the OVI offense was a first offense for penalty purposes, despite the fact that appellant had a prior OVI conviction in Buckeye Lake Mayor's Court in 2003. By journal entry filed same date, the trial court found appellant guilty and sentenced him to one hundred eighty days, all but six days suspended. The trial court ordered appellant to serve three days in jail and three days in a driver intervention program.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT."
 I {¶ 4} Appellant claims the trial court erred in sentencing him. Specifically, appellant claims because the parties stipulated to a first offense for penalty purposes, the trial court erred in sentencing him to more than the minimum three day sentence. We disagree.
 {¶ 5} This court reviews the imposition of more-than-minimum, maximum, or consecutive sentences under an abuse of discretion standard.State v. Firouzmandi, *Page 3 
Licking App. No. 2006-CA-41, 2006-Ohio-5823. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 6} The trial court acknowledged and accepted the parties' stipulation:
 {¶ 7} "THE COURT: Okay. Thank you. All right. Just so that, uh, that the entry adequately and correctly reflects the position of the parties, my understanding is that the State, uh, is agreeing that, um, uh, the prior conviction appearing on the record was an uncounseled plea, is that correct?
 {¶ 8} "ATTY. WOOD: Yeah, in reading the State's last pretrial conference sheet, which is dated today, they indicate during, in the notes section that the prior OVI in 2003 in Buckeye Lake Mayor's Court was uncounseled and they're willing to stipulate that this is a first offense OVI.
 {¶ 9} "THE COURT: Okay. Um, so that the Court should, uh not consider that for purposes of, um, increased minimum and maximum, increased maximum penalties that could be imposed for the offense, is that correct?
 {¶ 10} "ATTY. WOOD: That is correct.
 {¶ 11} "THE COURT: Okay. All right, then, I will note on here that this is for those purposes, and by agreement of the State, a first offense OVI." T. at 4-5.
 {¶ 12} A violation of R.C. 4511.19(A)(1)(a) is a misdemeanor of the first degree. The applicable sentencing range pursuant to R.C. 2929.24(A)(1) is "not more than one hundred eighty days." The trial court sentenced appellant to a six day sentence as opposed to the mandatory minimum three day sentence for a first offender. The trial *Page 4 
court ordered appellant to serve three days in jail and three days in a driver intervention program.
 {¶ 13} R.C. 4511.19(G)(1)(a)(i) governs sentence for first offenders and states the following in pertinent part:
 {¶ 14} "(G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. * * *The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:
 {¶ 15} "(a) Except as otherwise provided in division (G)(1)(b), (c), (d), or (e) of this section, the offender is guilty of a misdemeanor of the first degree, and the court shall sentence the offender to all of the following:
 {¶ 16} "(i) If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, a mandatory jail term of three consecutive days. As used in this division, three consecutive days means seventy-two consecutive hours. The courtmay sentence an offender to both an intervention program and a jailterm. The court may impose a jail term in addition to the three-daymandatory jail term or intervention program. However, in no case shallthe cumulative jail term imposed for the offense exceed sixmonths." (Emphasis added.)
 {¶ 17} The six day sentence, while not the mandatory minimum, is certainly within the statutory sentencing scheme and therefore was not an abuse of discretion or a violation of R.C. 2929.24. "There is no evidence in the record that the judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on *Page 5 
impermissible factors, failing to consider pertinent factors, or giving an unreasonable amount of weight to any pertinent factor." State v.Judy, Delaware App. No. 2007-CAC-120069, 2008-Ohio-4520, ¶ 38.
 {¶ 18} The sole assignment of error denied.
 {¶ 19} The judgment of the Municipal Court of Fairfield County, Ohio is hereby affirmed.
Farmer, P.J. Hoffman, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio is affirmed. Costs to appellant. *Page 1