THE STATE OF OHIO, APPELLEE, *v.* BOCZAR, APPELLANT.

[Cite as *State v. Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251.]

(No. 2006–0550—Submitted January 9, 2007—Decided April 4, 2007.)

LUNDBERG STRATTON, J.

{¶ 1} Today this court must determine whether R.C. 4511.19(D)(4)(b), which provides that the results of field sobriety tests are admissible if an officer administered the tests in substantial compliance with testing standards, is constitutional. For the reasons that follow, we hold that it is and affirm the judgment of the court of appeals.

Facts

{¶ 2} On August 3, 2003, Ohio State Highway Patrol Trooper Scott Balcomb stopped John M. Boczar, defendant-appellant, for speeding. When Trooper Balcomb asked for defendant's license and registration, he immediately noticed a strong odor of alcohol on defendant. Aside from the odor of alcohol, Trooper Balcomb testified that defendant's eyes were "glossy," and he could tell that defendant had been drinking.

{¶ 3} Trooper Balcomb testified that defendant's speech was slow and that defendant had a difficult time removing his driver's license from his wallet. Defendant initially denied that he had been drinking and said that he was on his way home from work. When Trooper Balcomb later asked defendant how much he had had to drink, defendant stated that he had had three beers and that he was coming from Jewel's Dance Hall in Austinburg.

{¶ 4} Sergeant George Biskup arrived on the scene and informed Trooper Balcomb that before Balcomb pulled the defendant over, Biskup had observed defendant's vehicle cross the center line for about half a car width and swerve back. Trooper Biskup also smelled alcohol on defendant.

{¶ 5} Pursuant to National Highway Traffic Safety Administration guidelines, Trooper Balcomb asked defendant to perform three field sobriety tests: the horizontal gaze nystagmus ("HGN"), the walk-and-turn, and the one-leg stand. On the HGN test, defendant demonstrated four of the possible six clues of

intoxication. On the walk-and-turn test, defendant demonstrated two clues, and on the one-leg-stand test, defendant demonstrated one clue. The trooper testified that these tests were conducted on smooth, level pavement.

{¶ 6} Based on these tests and his initial observations, Trooper Balcomb placed defendant under arrest for operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1). Defendant later submitted to a breath test at the patrol post, which indicated a breath-alcohol concentration of .117 grams per 210 liters of breath.

{¶ 7} Defendant was charged with one count of operating a motor vehicle under the influence in violation of former R.C. 4511.19(A)(1) (now (A)(1)(a)), and one count of operating a motor vehicle with a prohibited breath-alcohol content in violation of former R.C. 4511.19(A)(3) (now (A)(1)(d)). Defendant entered pleas of not guilty to the charges and filed a motion to suppress, contending that Trooper Balcomb's failure to administer the field sobriety tests in strict compliance with accepted testing standards should bar the admissibility of the results of the field sobriety tests at trial. The trial court overruled the motion to suppress, holding that strict compliance was unnecessary and that substantial compliance was sufficient. Defendant withdrew his former pleas and pleaded no contest to operating a motor vehicle under the influence of alcohol.

{¶ 8} The Ashtabula County Court of Appeals affirmed the judgment of the trial court. *State v. Boczar*, 11th Dist. No. 2004–A–0063, 2005-Ohio-6910, 2005 WL 3528894, at ¶ 54. The court of appeals also certified that its decision was in conflict with two decisions of the Fifth District Court of Appeals in *State v. Robinson*, 160 Ohio App.3d 802, 2005-Ohio-2280, 828 N.E.2d 1050, and *State v. Hall*, 163 Ohio App.3d 90, 2005-Ohio-4271, 836 N.E.2d 614. This court determined that a conflict exists as to the following issue: "Whether R.C. 4511.19(D)(4)(b), providing that the results of field sobriety tests are admissible if the officer administered the tests in substantial compliance with the testing standards, is constitutional." This court declined a discretionary appeal. *State v. Boczar*, 109 Ohio St.3d 1458, 2006-Ohio-2226, 847 N.E.2d 6.

## Law and Analysis

{¶ 9} We begin by observing that all statutes are presumed constitutional, and the party challenging a statute bears the burden of proving otherwise. *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 38, 616 N.E.2d 163. Further, a statute will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt. Id. at 38–39, 616 N.E.2d 163.

{¶ 10} In 2000, this court held that "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures."

*State v. Homan* (2000), 89 Ohio St.3d 421, 732 N.E.2d 952, paragraph one of the syllabus.

{¶ 11} In 2002, the General Assembly enacted Am.Sub.S.B. No. 163, amending R.C. 4511.19(D)(4)(b) to read as follows:

{¶ 12} "In any criminal prosecution * * * for a violation of division (A) or (B) of this section, * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in *substantial compliance* with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:

{¶ 13} "(i) The officer may testify concerning the results of the field sobriety test so administered.

{¶ 14} "(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution * * *.

{¶ 15} "(iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate." (Emphasis added.)

{¶ 16} Defendant contends that the *Homan* decision was based on an interpretation of Evid.R. 702 regarding the admissibility of expert testimony, and therefore legislation inconsistent with that interpretation is in contravention of Section 5(B), Article IV of the Ohio Constitution, which provides for the powers and duties of the Supreme Court, superintendence of courts, and rules. We disagree.

{¶ 17} Defendant challenges the constitutionality of R.C. 4511.19(D)(4)(b) based on an alleged conflict with the Ohio Rules of Evidence. However, the standard of evidence required is different at the suppression level. Evid.R. 101(C)(1) provides that the Rules of Evidence do not apply to "[d]eterminations prerequisite to rulings on the admissibility of evidence when the issue is to be determined by the court under Evid.R. 104." Further, Evid.R. 104(A) provides that "[p]reliminary questions concerning * * * the admissibility of evidence shall be determined by the court * * *. In making its determination it is not bound by the rules of evidence except those with respect to privileges." Therefore, the Rules of Evidence do not apply to suppression hearings.

{¶ 18} We next consider the constitutionality of R.C. 4511.19 at the trial level. Section 5(B), Article IV provides: "The supreme court shall prescribe rules governing practice and procedure in all courts of the state * * *. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

{¶ 19} Defendant claims that R.C. 4511.19(D)(4)(b) is an attempt to supersede an existing evidentiary rule. However, this court has never promulgated a rule pursuant to the procedures of Section 5, Article IV of the Ohio Constitution specifically regarding field sobriety testing procedures or results. And as the court of appeals below noted, this court in *Homan* cited no specific rule. 2005-Ohio-6910, ¶ 38.

{¶ 20} Next, defendant points to *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, as support for his argument that R.C. 4511.19(D)(4)(b) violates Section 5, Article IV. However, in *Sheward*, this court invalidated the act in question in part because this court's prior holdings had interpreted specific rules promulgated under Section 5(B) that new tort-reform legislation attempted to displace. Id. at 490–492, 715 N.E.2d 1062. This case involves no such specific Section 5(B) rule.

{¶ 21} In fact, in a case that involved an arrest before passage of S.B. 163, when this court extended *Homan* to apply to the admissibility of the results of field sobriety tests at trial, the court acknowledged the limited application of *Homan*, because the General Assembly had amended R.C. 4511.19(D)(4)(b) to provide that "the arresting officer no longer needs to have administered field sobriety tests in strict compliance with testing standards for the test results to be admissible at trial. Instead, an officer may now testify concerning the results of a field sobriety test administered in substantial compliance with the testing standards." *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446.

{¶ 22} The General Assembly did not encroach on the exclusive rule-making authority of the judiciary in amending R.C. 4511.19. Rather, the new legislation replaced the common-law standard of admissibility announced in *Homan*. See *State v. Phipps*, 3d Dist. No. 2–03–39, 2004-Ohio-4400, 2004 WL 1873748, ¶ 13, and Evid.R. 102 ("The principles of the common law of Ohio shall supplement the provisions of these rules"). As the statute indicates, "the trier of fact shall give [the evidence] whatever weight the trier of fact considers to be appropriate."

{¶ 23} The trial judge is the guardian of the admissibility of evidence. *Homan* was based on test procedures published by the National Highway Traffic Safety Administration, not the constitution, a statute, or even a rule of evidence. This case, however, involves a legislative mandate by which the General Assembly through its deliberative process has concluded that failure to strictly comply with test procedures affects the evidentiary value of field sobriety tests but that

substantial compliance will not result in the tests' exclusion. The General Assembly has determined that the tests are sufficiently reliable to be admissible by meeting a clear-and-convincing standard. The potential compromise of reliability caused by the lack of strict compliance can be shown by the defense on cross-examination.

{¶ 24} Accordingly, we hold that the substantial-compliance standard adopted by amendment to R.C. 4511.19 does not violate Section 5, Article IV of the Ohio Constitution.

{¶ 25} The conflict cases from the Fifth District Court of Appeals uphold the constitutionality of R.C. 4511.19 with respect to the walk-and-turn test and the one-leg-stand test, the nonscientific field sobriety tests. However, with respect to the HGN test, the Fifth District concludes that the test is of a scientific nature and not within the common understanding of a layperson, i.e., juror. Therefore, pursuant to Evid.R. 702, the court in *Robinson* and *Hall* concluded that HGN test results are not admissible absent strict compliance with the testing procedures. We disagree with this distinction.

{¶ 26} This court has held: "The HGN test cannot be compared to other scientific tests, such as a polygraph examination, since no special equipment is required in its administration. * * * *The admission of the results of the HGN test is no different from any other field sobriety test,* such as finger-to-nose, walk-and-turn, or one-leg stand." (Emphasis added.) *State v. Bresson* (1990), 51 Ohio St.3d 123, 129, 554 N.E.2d 1330. Further, this court drew no distinction among the field sobriety tests in *Homan.*

{¶ 27} Therefore, we hold that HGN test results are admissible in Ohio without expert testimony so long as the proper foundation has been shown both as to the administering officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test.

## Conclusion

{¶ 28} For the foregoing reasons, this court holds that R.C. 4511.19(D)(4)(b), which provides that the results of field sobriety tests are admissible when the tests are administered in substantial compliance with testing standards, is constitutional. Further, we hold that HGN test results are admissible in Ohio without expert testimony so long as the proper foundation has been shown both as to the administering officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., O'CONNOR, O'DONNELL, LANZINGER and SUNDERMANN, JJ., concur.

PFEIFER, J., concurs in judgment only.

J. Howard Sundermann Jr., J., of the First Appellate District, sitting for Cupp, J.

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, and Shelley M. Pratt, Assistant Prosecuting Attorney, for appellee.

Warren & Young, P.L.L., and Katherine S. Riedel, for appellant.

Marc Dann, Attorney General, and Diane Richards Brey, Deputy Solicitor, urging affirmance for amicus curiae, Attorney General Marc Dann.