{¶ 58} I respectfully dissent from my learned colleagues in the majority. I believe that there is substantial evidence in the record to support the trial court's decision. I believe the trial court's actions were proper and should be affirmed.
 {¶ 59} "[I]t is not the function of the reviewing court to assess the wisdom or policy of a statute but, rather, to determine whether the General Assembly acted within its legislative power." Austintown Twp.Bd. of Trustees v. Tracy, 76 Ohio St.3d 353, 356, 1996-Ohio-74.
 {¶ 60} "[A]ll statutes are presumed constitutional, and the party challenging has the burden of proving otherwise" beyond a reasonable doubt. State v. Boczar, 113 Ohio St.3d 148, citing Arnold v.Cleveland (1993), 67 Ohio St.3d 35, 38-39; State ex rel. Jackman v.Cuyahoga Cty. Court of Common Pleas (1967), 9 Ohio St.2d 159 ("[W]hen an enactment of the General Assembly is challenged, the challenger must overcome a strong presumption of constitutionality"). All presumptions and applicable rules of statutory construction are applied to uphold a statute from constitutional attack. State v. Dorso (1983),4 Ohio St.3d 60, 61; State v. Stambaugh (1987), 34 Ohio St.3d 34, 35.
 {¶ 61} In the case at bar, the General Assembly used its broad authority under Section 34, Article II to provide for the general welfare of public employees by enacting R.C. 9.481, which removes residency requirements as a condition of public employment. Moreover, R.C. 9.481 provides a broad grant of authority to the General Assembly to legislate for the general welfare of public employees. In addition, conditions of public employment, such as residency requirements, are *Page 22 
within the General Assembly's authority to regulate and provide for the general welfare of public employees. R.C. 9.481 expressly conforms with R.C. Chapter 4117, and the regulation of the residency requirement is a matter of statewide concern and, thus, R.C. 9.481 supersedes Cleveland's residency requirement.
 {¶ 62} Overturning a trial court and finding a statute to be unconstitutional is an extreme remedy. I do not believe the evidence in the case at bar rises to the level of unconstitutionality. I would, therefore, agree with the lower court and uphold the constitutionality of the statute passed by the Ohio legislature. *Page 1