[Cite as *State v. Thomason*, 2020-Ohio-3654.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MOLLY S. THOMASON | : | Case No. 2019 CA 00150 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Appeal from the Municipal Court,
                                     Case No. 2019 TRC 5542


JUDGMENT:                            Affirmed


DATE OF JUDGMENT:                    July 7, 2020


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KRISTINA M. LOCKWOOD                  BRETT H. HILLYER
218 Cleveland Avenue SW               201 N. Main Street
Canton, OH  44702                     P.O. Box 272
                                      Urichsville, OH  44683

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Molly Thomason appeals the September 12, 2019 judgment of the Canton Municipal Court which denied her motion to suppress. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 20, 2019, at about 1:20 a.m., Trooper Jason Halstead of the Canton post of the Ohio State Highway Patrol was on duty when he saw a Jeep Wrangler operated by appellant swerving in the road. Halstead observed as appellant drove off the right side of the road twice, after which he initiated a traffic stop.

{¶ 3} Halstead found appellant and a front seat passenger in the Jeep. Appellant stated they were coming from Buzzbin, a downtown Canton bar. Halstead noted appellant had an odor of alcohol about her and her eyes appeared glossy. He performed a preliminary horizontal gaze nystagmus test (HGN) while appellant was still seated in her vehicle and noted some clues. He therefore asked appellant to exit her vehicle to perform standard field sobriety testing (SFST).

{¶ 4} Halstead directed appellant to stand in front of his cruiser and again performed the HGN test. He observed four clues. He additionally asked appellant perform a walk and turn test and a one-leg stand test. Halstead observed clues of impairment on each test.

{¶ 5} Based on his observations, Halstead believed appellant was over the legal blood/breath alcohol level. Appellant refused a breath test at the scene, and was taken into custody. She later submitted to a breath test at the state highway patrol post and

registered .082. Appellant was charged with a marked lanes violation and operating a vehicle under the influence of alcohol.

{¶ 6}   On August 15, 2019, appellant filed a motion to suppress. On September 4, 2019, a hearing was held on the matter. Appellant's argument focused on Halstead's alleged lack of compliance with the National Highway Traffic Safety Administration Manual (NHTSA) during the SFST's and an assertion that she showed no signs of intoxication and therefore should not have been subjected to breathalyzer testing.

{¶ 7}   Halstead testified he has been a Trooper for 14 years. He completed a 31-week academy in 2005 and has handled between 60 and 70 OVI investigations per year since that time. Transcript of suppression hearing (T.) 5-6. Halstead stated during his time at the academy he was trained to administer SFST's using the NHTSA manual that was then current, and administered each of the SFST's in this matter in compliance with his training. T. 21. A video of appellant's stop and performance of the SFST's was played for the trial court as Halstead described how he administered the horizontal gaze nystagmus test (HGN), walk and turn test, and one leg stand test. T. 11-21.

{¶ 8}   Appellant exhibited four of six clues on the HGN, two of eight clues on the walk and turn test and three of eight clues on the one leg stand test. T. 26-27, 17-18. Based on his observations and appellant's performance on the SFST's, Halstead felt that while appellant was not "so intoxicated that she was going to fall over," he still believed she was over the legal limit and should not have been driving. T. 21.

{¶ 9}   On cross-examination, counsel for appellant established that Halstead administered SFST's in compliance with the 2006 NHTSA manual and that he was unaware of how many updates to the manual may have taken place since that time. T.

23-24. When advised by counsel the manual had been updated in 2018, Halstead stated he had an email of the new manual but "I can't say I've actually completely read through it all." T. 24. Halstead agreed with counsel that checking HGN while a suspect is still seated in her car is not in compliance with the NHTSA manual. T. 24.

{¶ 10} At the conclusion of the hearing the trial court found the SFST's were administered in substantial compliance with the NHTSA manual and the state established a prima facie case for admissibility. The trial court further found the totality of the circumstances indicated Halstead did not misinterpret the clues he observed during the testing. The motion to suppress was therefore overruled. T. 32-34.

{¶ 11} On September 12, 2019, appellant entered pleas of no contest and the trial court found her guilty. She was ordered to pay a fine and costs, ordered to participate in a driver's intervention program and to perform 25 hours of community service. Six points were assessed on appellant's license and her driver's license was suspended for one year.

{¶ 12} Appellant filed an appeal and the matter is now before this court for consideration. She raises two assignments of error as follow:

I

{¶ 13} "THE TRIAL COURT ERRED IN RULING THAT THE STATE MEET ITS BURDEN OF PROOF IN PROVING SUBSTANTIAL COMPLIANCE WITH NHTSA STANDARDS IN REGARDS TO FIELD SOBRIETY TESTING."

II

{¶ 14} "THE TRIAL COURT ERRED IN RULING THAT THE RESULTS OF THE TESTS GAVE RISE TO PROBABLE CAUSE TO SUBJECT THE DEFENDANT TO FURTHER TESTING."

I

{¶ 15} In her first assignment of error, appellant argues the trial court erred in finding the state met its burden to prove substantial compliance with field testing per the NHTSA manual because Halstead had not taken any updated course work on the newest version of the NHTSA manual and because the state failed to admit a manual into evidence. We disagree.

{¶ 16} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to

suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger*, supra. As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶ 17} When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. See *State v. Dunlap*, 73 Ohio St.3d 308, 314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982).

{¶ 18} Pursuant to R.C. 4511.19(D)(4)(b), the results of field sobriety testing is admissible if the state presents clear and convincing evidence that the officer administered the tests "in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration * * *"

{¶ 19} Here, the state established substantial compliance through Halstead's testimony that he has been a trooper for 14 years, was trained in 2005 to investigate OVI's pursuant to the NHTSA manual, and administered the tests in this matter pursuant to his training.

{¶ 20}  In *State v. Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251, at ¶ 28, the Ohio Supreme Court held that HGN test results are admissible in Ohio without expert testimony if substantial compliance with testing guidelines has been shown and a proper foundation has been established as to the administering officer's ability to administer the test and the officer's actual technique in administering the test. No requirement exists, however, that the state admit the manual. *State v. Roetzel*, 5th Dist. Ashland No. 12-COA-10, 2012-Ohio-4898, ¶¶ 23-27, citing *State v. Ryan*, 5th Dist. Licking No. 02-CA-00095, 2003-Ohio-2803 at ¶ 18.

{¶ 21} Halstead conceded the HGN test conducted while appellant was still seated in her vehicle was not in compliance with NHTSA standards, but he subsequently properly conducted the test. T. 24. The trial court watched the dash camera video of the entire investigation and was able to hear and watch how Halstead conducted the SFST's and draw its factual conclusions therefrom. Appellee presented no evidence to demonstrate the standards for the HGN or any other field sobriety test administered had changed at all between the time of Halstead's training and the time of the investigation in this case.

{¶ 22} We find, therefore, the trial court properly found the state met its burden of proof to prove substantial compliance with NHTSA standards for field sobriety testing. Accordingly, the first assignment of error is overruled.

II

{¶ 23} In her final assignment of error, appellant argues the trial court abused its discretion by admitting the SFST's into evidence because Halstead improperly conducted the HGN test at appellant's car window, considered extra clues not contained in the

NHTSA, and because Trooper Halstead misinterpreted a clue on the one leg stand test. We disagree.

{¶ 24} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 25} First, as noted above, Halstead testified the HGN test given at the car window was not NHTSA compliant, but that he did appropriately administer the test after he asked appellant to exit her vehicle. T. 24. Second, appellant additionally faults Halstead for noting an extra clue not contained in the NHTSA, specifically stepping off the line during instructions on the walk and turn test and putting her right foot in front of the left instead of the opposite as directed, and allegedly misinterpreting the one leg test because appellant was distracted by another Trooper arriving on the scene. As noted by the trial court, however, the totality of the circumstances warranted appellant's arrest for OVI. Even if the extra clue and appellant's inability to divide her attention once a second trooper appeared on the scene were not considered, appellant was observed weaving in the road, admitted to drinking, smelled of alcohol, exhibited glassy eyes, and exhibited clues on each of the three SFST's. We find, therefore the trial court did not abuse its discretion in admitting the SFST's into evidence and finding probable cause to arrest appellant.

{¶ 26} The second assignment of error is overruled.

{¶ 27} The judgment of the Canton Municipal Court is affirmed.


By Wise, Earle, J.

Horrman, P.J. and

Wise, John, J. concur.


EEW/rw