[Cite as *State v. Crandall*, 2021-Ohio-3724.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant

v.

ANFENEE CRANDALL

    Appellee

C.A. No.      29925

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      CR-2019-12-4288

DECISION AND JOURNAL ENTRY

Dated: October 20, 2021

---

CALLAHAN, Judge.

{¶1} Appellant, the State of Ohio, appeals from the decision of the Summit County Court of Common Pleas, granting a motion to suppress filed by Appellee, Anfenee Crandall. This Court reverses.

I.

{¶2} Mr. Crandall was subject to the supervision of the Adult Parole Authority ("APA") when several warrants issued for his arrest. At the time, he was living in an apartment leased by his girlfriend and owned by the Akron Metropolitan Housing Authority ("AMHA"). Officers from the APA and the Northern Ohio Violent Fugitive Task Force executed his arrest warrants at the apartment and took Mr. Crandall into custody. In doing so, they conducted a protective sweep of the apartment. They also searched a vehicle that was parked outside the apartment based on information that Mr. Crandall was using the vehicle. The search of the vehicle revealed a loaded gun and a digital scale coated with white residue.

**{¶3}** A grand jury indicted Mr. Crandall on one count of having a weapon under disability, one count of receiving proceeds of an offense subject to forfeiture, and a forfeiture specification. He moved to suppress the evidence against him, including the items seized from the vehicle. The trial court held a hearing on his motion and, at its conclusion, granted the motion in part and denied it in part. The trial court concluded that the State conducted a warrantless search of the vehicle in the absence of probable cause or any evidence linking Mr. Crandall to the vehicle. Thus, the trial court suppressed the evidence taken from the vehicle and denied the remainder of Mr. Crandall's motion.

**{¶4}** The State now appeals from the trial court's suppression ruling in favor of Mr. Crandall and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION
TO SUPPRESS EVIDENCE.

**{¶5}** In its sole assignment of error, the State argues that the trial court erred when it granted in part Mr. Crandall's motion to suppress. The State argues that (1) the trial court made factual findings that were not based on competent, credible evidence; (2) as a parolee, Mr. Crandall was subject to a warrantless search of any vehicle he controlled; (3) if, in fact, the vehicle did not belong to Mr. Crandall, he lacked standing to challenge the search of the vehicle; and (4) the evidence from the vehicle was discovered during a lawful inventory search. For the following reasons, this Court sustains the State's assignment of error.

**{¶6}** This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is

therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶7} "Subject to specific exceptions, which the State has the burden of establishing, warrantless searches are unreasonable per se under the Fourth Amendment." *State v. Atkinson*, 9th Dist. Lorain No. 19CA011481, 2020-Ohio-3522, ¶ 13, citing *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 98. R.C. 2967.131(C) allows the APA to conduct warrantless searches of

> the person of [a parolee], the place of residence of [a parolee], and a motor vehicle, another item of tangible or intangible personal property, or other real property in which [a parolee] has a right, title, or interest or for which [a parolee] has the express or implied permission of a person with a right, title, or interest to use, occupy, or possess, if the field officers have reasonable grounds to believe that the [parolee] * * * is not abiding by the law, or otherwise is not complying with the terms and conditions of the [parolee's] * * * post-release control.

"Accordingly, when a searching officer possesses reasonable grounds to believe that a parolee is in violation of the law or the conditions and terms of parole, a warrantless search of the parolee's * * * property does not violate the Fourth Amendment." *State v. Emch*, 9th Dist. Summit No. 20372, 2002-Ohio-3861, ¶ 20.

{¶8} The trial court found that the vehicle searched herein was registered to a female, whom the police understood to be Mr. Crandall's grandmother. The court noted that no one saw Mr. Crandall driving the vehicle or riding in it. The court further noted that no one recalled

whether Mr. Crandall had the keys to the vehicle or whether it was unlocked when the police searched it. The court found that the State failed to produce any evidence linking Mr. Crandall to the vehicle or demonstrating that its officers had probable cause to believe the vehicle contained contraband. The court only considered the automobile exception to the warrant requirement and, finding that exception inapplicable, granted Mr. Crandall's motion to suppress the evidence found inside the vehicle.

{¶9} The State argues that the trial court's findings are not based on competent, credible evidence. According to the State, it produced testimony linking Mr. Crandall to the vehicle. Thus, the State argues that the trial court erred when it issued findings to the contrary.

{¶10} The State presented two witnesses at the suppression hearing. Officer Todd Liggett testified that he and several other officers served arrest warrants upon Mr. Crandall at his registered address. Officer Liggett testified that Mr. Crandall was a parolee and, due to that status, the APA had the authority to conduct a warrantless search of his residence and any vehicle he had the ability to control. Officer Liggett confirmed that, before the search, the APA received information that Mr. Crandall was driving the vehicle parked outside his residence even though it was registered to someone else. The officer specified that Mr. Crandall's supervising parole officer had offered a description of the vehicle Mr. Crandall was known to drive.

{¶11} Detective Troy Meech also helped execute the arrest warrants at Mr. Crandall's residence. He testified that he conducted surveillance at the residence before the warrants were executed and spotted the vehicle Mr. Crandall was known to drive parked in front of Mr. Crandall's residence. While the detective never personally saw Mr. Crandall drive the vehicle, he testified that he asked the AMHA to pull the security footage from the parking lot. The

detective confirmed that the footage showed Mr. Crandall exiting the vehicle and walking into his residence.

{¶12} Upon review, this Court must conclude that the trial court's factual findings are not based on competent, credible evidence. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. The State set forth evidence that the APA had a description of the car Mr. Crandall was known to drive, that a car matching that description was parked outside his registered address, that only Mr. Crandall and his girlfriend were present at that address when officers executed his arrest warrants, and that security footage from the parking lot showed Mr. Crandall stepping out of the vehicle and walking into his residence. While the footage itself was not produced at the suppression hearing and the State relied in part on hearsay, "'the Rules of Evidence do not apply to suppression hearings.'" *State v. Goins*, 9th Dist. Wayne No. 18AP0046, 2019-Ohio-3135, ¶ 7, quoting *State v. Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251, ¶ 17. The record supports the conclusion that the State linked Mr. Crandall to the vehicle that its officers searched. Thus, the trial court erred when it issued findings to the contrary.

{¶13} Due to its erroneous factual findings, the trial court did not consider the State's argument that its officers conducted a valid search pursuant to either R.C. 2967.131(C) or, alternatively, the inventory exception to the warrant requirement. *See Atkinson*, 2020-Ohio-3522, at ¶ 13-15 (outlining the inventory exception). This Court will not resolve those issues for the first time on appeal. *See State v. Russell*, 9th Dist. Wayne No. 16AP0037, 2017-Ohio-7923, ¶ 8. On remand, the trial court must determine in the first instance whether the State conducted a constitutionally valid search of the vehicle pursuant to either R.C. 2967.131(C) or the inventory exception to the warrant requirement.

**{¶14}** Notably, this Court's conclusion that the trial court erred in its factual findings impacts the State's standing argument. The State acknowledges that Mr. Crandall's standing is at issue strictly because the trial court determined that he had no interest in the subject vehicle. *See Minnesota v. Olson*, 495 U.S. 91, 95 (1990), quoting *Rakas v. Illinois*, 439 U.S. 128, 143 (1978) (Fourth Amendment protection depends on an individual having a "'legitimate expectation of privacy in the invaded place'"). Our conclusion that the trial court erred in that regard effectively renders moot the State's standing argument. As such, this Court need not address it. *See* App.R. 12(A)(1)(c).

**{¶15}** For the reasons outlined above, the State's sole assignment of error is sustained.

III.

**{¶16}** The State's assignment of error is sustained for the reasons set forth herein. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellant.

KERRY M. O'BRIEN, Attorney at Law, for Appellee.