[Cite as *State v. Harrison*, 2024-Ohio-884.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 8-23-10

    v.

KANDALE L. HARRISON,        O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Logan County Common Pleas Court**
**Trial Court No. CR 20 07 0162**

**Judgment Affirmed**

**Date of Decision: March 11, 2024**

---

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Nathan Yohey* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Kandale L. Harrison ("Harrison"), appeals the April 12, 2023 judgment entry of sentence of the Logan County Court of Common Pleas. Harrison argues that the trial court erred by denying his motion to suppress evidence seized incidental to a May 27, 2020 warrantless search of his vehicle because R.C. 2967.131, the statute under which the warrantless search was premised, is unconstitutional. For the reasons that follow, we affirm.

{¶2} On July 14, 2020, the Logan County Grand Jury indicted Harrison on four counts: Count One of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(c), a third-degree felony; Counts Two and Three of possession of cocaine in violation of R.C. 2925.11(A), (C)(4)(a), fifth-degree felonies; and Count Four of the illegal conveyance of drugs of abuse onto grounds of specified governmental facility in violation of R.C. 2921.36(A)(2), (G)(2), a third-degree felony. Harrison committed the offenses alleged in the indictment while he was on post-release control in another case. Harrison appeared for arraignment on July 23, 2020 and entered pleas of not guilty.

{¶3} On November 4, 2020, Harrison filed a motion to suppress evidence seized incident to searches conducted on May 27, 2020 and July 13, 2020, respectively.[1] Harrison filed a supplement to his motion to suppress on July 16,

---

[1] In a previous case, this court recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *See State v. Harrison*, 3d Dist. Logan No. 8-21-31, 2022-Ohio-741.

2021 in which he alleged that the May 27, 2020 search of his vehicle was conducted without a warrant and not pursuant to any exception to the warrant requirement of the Fourth Amendment. Specifically, Harrison argued that his agreement with the Adult Parole Authority ("APA") consenting to warrantless searches was not voluntary since "that the 'parole exception search' does not apply as a matter of law because [post-release control] is insufficiently a parallel to parole." (Doc. No. 110).

{¶4} After a hearing on August 25, 2021, the trial court suppressed the evidence seized incident to the May 27, 2020 search but denied Harrison's motion to suppress any evidence seized incident to the July 13, 2020 search. Specifically, the trial court concluded that APA Officer Alex McKirahan ("Officer McKirahan") "did not have reasonable grounds to search [Harrison] or his motor vehicle pursuant to the warrant search Condition No. 7 of his [post-release-control] supervision." (Doc. No. 124). The trial court reasoned that the search of [Harrison's] vehicle on May 27, 2020, was not based on probable cause" since Officer Jerrod Hostetler's ("Officer Hostetler") of the Bellefontaine Police Department "calling APA Officer McKirahan to the scene prolonged the detention of [Harrison] beyond the time reasonable for completing that mission" and because "Officer Hostetler did not observe [Harrison] engage in a drug transaction or observe in plain view an drugs on [Harrison] or in the motor vehicle." (*Id.*).

{¶5} On September 27, 2021, the State appealed the trial court's decision. On March 14, 2022, this court reversed the trial court's decision and remanded the

case for further proceedings after concluding that "APA Officer McKirahan's verbal arrest order was justified pursuant to R.C. 2967.15 because he had reasonable cause to believe [that Harrison violated] the Conditions of Supervision based on facts relayed that Harrison was observed operating a vehicle with a suspended license in Bellefontaine and that he was possibly involved in suspected drug activity." *State v. Harrison*, 3d Dist. Logan No. 8-21-31, 2022-Ohio-741, ¶ 14.

{¶6} Following remand of the case to the trial court, Harrison filed a motion on February 24, 2023 requesting that the trial court address his argument regarding his "motion to suppress on the alternative grounds [as to the May 27, 2020 search] raised by the defense." (Doc. No. 170). As alternative grounds, Harrison alleged "that R.C. 2967.131, by authorizing a search without a warrant of a person on post-release control, is unconstitutional" because it required that he—as an individual on post-release control—involuntarily forfeit his constitutional right to be free from unreasonable search and seizure. The State filed a memorandum in opposition to Harrison's motion on February 28, 2023. Ultimately, the trial court denied Harrison's motion to suppress evidence on March 3, 2023 after concluding that R.C. 2967.131(C) is constitutional.

{¶7} On March 2, 2023, Harrison withdrew his pleas of not guilty and entered pleas of no contest to Counts One and Three of the indictment. In exchange for Harrison's change of pleas, the State agreed to dismiss Counts Two and Four.

The trial court accepted Harrison's no-contest pleas, found him guilty, and dismissed Counts Two and Four.

{¶8} On April 12, 2023, the trial court sentenced Harrison to 12 months in prison on Counts One and Three, respectively, and ordered that he serve the prison terms concurrently for an aggregate sentence of 12 months in prison. (Doc. No. 176).

{¶9} On May 10, 2023, Harrison filed his notice of appeal and raises one assignment of error for our review.

### Assignment of Error

**Ohio Revised Code Section 2967.131 is Unconstitutional As Applied to Mr. Harrison And Any Other Similarly Situated Individuals Who Are Placed On Post-Release Control After They Served Their Entire Prison Sentence.**

{¶10} In his assignment of error, Harrison argues that the trial court erred by denying his motion to suppress evidence seized incident to the May 27, 2020 search. Specifically, Harrison contends that law enforcement's May 27, 2020 search of his vehicle was conducted without a warrant and not pursuant to any exception to the warrant requirement of the Fourth Amendment because R.C. 2967.131 is unconstitutional.

### *Standard of Review*

{¶11} A review of the denial of a motion to suppress involves mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372,

¶ 8. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. *Id.  See also State v. Carter*, 72 Ohio St.3d 545, 552 (1995).  When reviewing a ruling on a motion to suppress, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982).  With respect to the trial court's conclusions of law, however, our standard of review is de novo, and we must independently determine whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

*Analysis*

**{¶12}** "The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Ohio Constitution, Article I, Section 14, protects individuals against 'unreasonable searches and seizures' by the government and protects privacy interests where an individual has a reasonable expectation of privacy." *State v. Fielding*, 10th Dist. Franklin Nos. 13AP-654 and 13AP-655, 2014-Ohio-3105, ¶ 15, quoting *Smith v. Maryland*, 442 U.S. 735, 740, 99 S.Ct. 2577 (1979).  When "determining whether a search is reasonable under the Fourth Amendment, the United States Supreme Court has applied an approach that assesses '"on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests."'" *State v. Campbell*, 170 Ohio St.3d 278, 2022-

Ohio-3626, ¶ 9, quoting *Samson v. California*, 547 U.S. 843, 848, 126 S.Ct. 2193 (2006), quoting *United States v. Knights*, 534 U.S. 112, 119, 122 S.Ct. 587 (2001).

{¶13} "Generally, any evidence obtained in violation of the Fourth Amendment, as well as any evidence seized subsequent to such violation, must be suppressed as 'fruit of the poisonous tree.'" *Fielding* at ¶ 15, quoting *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407 (1963). *See also State v. Jenkins*, 3d Dist. Union No. 14-10-10, 2010-Ohio-5943, ¶ 9 (The Fourth Amendment does not explicitly provide "that violations of its provisions against unlawful searches and seizures will result in the suppression of evidence obtained as a result of such violation, but the United States Supreme Court has held that the exclusion of evidence is an essential part of the Fourth Amendment."), citing *Mapp v. Ohio*, 367 U.S. 643, 649, 81 S.Ct. 1684 (1961) and *Weeks v. United States*, 232 U.S. 383, 394, 34 S.Ct. 341 (1914).

{¶14} "Subject to specific exceptions, which the State has the burden of establishing, warrantless searches are unreasonable per se under the Fourth Amendment." *State v. Atkinson*, 9th Dist. Lorain No. 19CA011481, 2020-Ohio-3522, ¶ 13, citing *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 98. "Warrantless seizures of personal property are generally considered unreasonable under the Fourth Amendment unless there is probable cause to believe the property is or contains contraband or evidence of a crime and the seizure falls within an established exception to the warrant requirement." *State v. Jackson*, 12th Dist.

Madison No. CA2019-03-006, 2020-Ohio-2677, ¶ 19, citing *United States v. Place*, 462 U.S. 696, 701, 103 S. Ct. 2637 (1983).

{¶15} In Ohio, R.C. 2967.131 authorizes warrantless searches of individuals on post-release control. That statute provides, in its relevant part, that

> during a period of post-release control of a felon imposed under section 2967.28 of the Revised Code, authorized field officers of the authority who are engaged within the scope of their supervisory duties or responsibilities may search, with or without a warrant, the person of the individual or felon, the place of residence of the individual or felon, and a motor vehicle, another item of tangible or intangible personal property, * * * if the field officers have reasonable grounds to believe that the individual or felon has left the state, is not abiding by the law, or otherwise is not complying with the terms and conditions of the individual's or felon's * * * post-release control.

R.C. 2967.131(C) (2000) (current version at R.C. 2967.131(C)(1) (2023)). *See State v. Crandall*, 9th Dist. Summit No. 29925, 2021-Ohio-3724, ¶ 7 (noting that R.C. 2967.131 permits a warrantless search of an individual's property when the searching officer has reasonable grounds to believe that person is in violation of the law or his or her post-release control). Importantly, the statute further provides that the APA

> shall provide each individual * * * who is under post-release control with a written *notice* that informs the individual or felon that authorized field officers of the authority who are engaged within the scope of their supervisory duties or responsibilities may conduct those types of searches during the period of * * * post-release control if they have reasonable grounds to believe that the individual or felon has left the state, is not abiding by the law, or otherwise is not complying with the terms and conditions of the individual's or felon's * * * post-release control.

(Emphasis added.)    R.C. 2967.131(C) (2000) (current version at R.C. 2967.131(C)(2) (2023)).

{¶16} In this case, Harrison argues that the trial court erred by denying his motion to suppress evidence seized incident to the May 27, 2020 warrantless search of his vehicle after concluding that R.C. 2967.131 is constitutional.  Specifically, Harrison contends that "[t]he application of [R.C.] 2967.131 to [him] and other persons situated like him, on [post-release control], is unconstitutional" because "lessoning [sic] the constitutional protections of the Fourth Amendment of the [United States] Constitution and in Ohio, Article I, Section 14 * * * cannot be justified in any manner when a person is *forced* to sign away constitutional rights, without any benefit to the person."  (Emphasis added.)  (Appellant's Brief at 13). That is, Harrison challenges the constitutionality of the statute because, as he contends, "an inmate is *coerced* into signing the conditions, which include forcibly waiving constitutional rights, or face more prison time without having to have committed any sort of criminal offense."  (Emphasis added.)  (*Id.* at 11).

{¶17} "'An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'"  *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 9, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of the syllabus.  "'That presumption of validity of such legislative

enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution.'" *Id.*, quoting *Xenia v. Schmidt*, 101 Ohio St. 437 (1920), paragraph two of the syllabus.

{¶18} "A statute may be challenged on constitutional grounds in two ways: (1) that the statute is unconstitutional on its face, or (2) that it is unconstitutional as applied to the facts of the case." *Id.* at ¶ 10, citing *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶ 37, citing *Belden v. Union Central Life Ins. Co.*, 143 Ohio St. 329 (1944), paragraph four of the syllabus. "To mount a successful facial challenge, the party challenging the statute must demonstrate that there is no set of facts or circumstances under which the statute can be upheld." *Id.*, citing *Harrold* at ¶ 37, citing *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095 (1987). "Where it is claimed that a statute is unconstitutional as applied, the challenger must present clear and convincing evidence of a presently existing set of facts that make the statute unconstitutional and void when applied to those facts." *Id.*, citing *Harrold* at ¶ 38, citing *Belden* at paragraph six of the syllabus.

{¶19} Harrison's constitutional challenge is misplaced. Critically, Harrison overlooks that the warrantless-search authorization is *not* controlled by consent. Rather, the APA's warrantless-search authorization is prescribed by statute. Indeed, R.C. 2967.131(C) describes the situations under which a warrantless search may occur. Moreover, and perhaps more importantly, the statute imparts that such

"written notice" of the APA's statutory authorization is to be provided to the individual. In other words, the APA is *not* required to obtain the individual's consent to be subject to warrantless searches. Instead, the individual is statutorily subject to such warrantless searches and he or she is to be provided written notice of the APA's statutory authority to conduct such searches. Thus, any signature obtained from an individual is simply the acknowledgment of the individual's receipt of such written notice.

{¶20} Moreover, like similarly-worded statutes, R.C. 2967.131(C) has passed "constitutional muster." *See Griffin v. Wisconsin,* 483 U.S. 868, 107 S.Ct. 3164 (1987), paragraph one of the syllabus; *United States v. Loney*, 331 F.3d 516, 521 (6th Cir.2003). *See also State v. Benton*, 82 Ohio St.3d 316, 318 (1998). Indeed, the General Assembly codified R.C. 2967.131 in the wake of the United States Supreme Court's approval of a similar Wisconsin statute. *See, e.g.*, *State v. Mattison*, 2d Dist. Montgomery No. 17554, 1999 WL 957648, *2 (Sept. 3, 1999) (noting that R.C. 2967.131 "appears to have been enacted in response to the United States Supreme Court's decision in *Griffin* * * * , which considered the constitutionality of a similarly-worded Wisconsin regulation that permitted probation officers to conduct a warrantless search of a probationer's home so long as the probation officers had 'reasonable grounds to believe' that contraband was present"). We see no reason to depart from that rationale in this case.

**{¶21}** As a result, Harrison did not present clear and convincing evidence of presently existing facts which render R.C. 2967.131 unconstitutional and void when applied to those facts. Consequently, the trial court did not err by denying Harrison's motion to suppress evidence seized incident to the May 27, 2020 search.

**{¶22}** Accordingly, Harrison's assignment of error is overruled.

**{¶23}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**